IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MFI-DPLH, LLC,

    Plaintiff,

    v.

JESSE H. INGRAM, et al.,

    Defendants.

Civil No.: WDQ-09-2358

MEMORANDUM OPINION

MFI-DPLH, LLC sued Jesse H. Ingram, Esquire, Ingram & Associates, LLC, and Jesse H. Ingram, PLLC, for breach of escrow agreement, breach of fiduciary duty, misuse of trust money, negligence, and gross negligence. For the following reasons, MFI-DPLH's motion for entry of final judgment will be granted.

I. Background

In April 2009, MFI-DPLH agreed to escrow $250,000 in Ingram's Bank of America escrow account, to be paid to Steven Jones and the Jones Holding Group (collectively "Jones") at MFI-DPLH's instruction. Shawn McIntyre Aff. ¶ 2; ECF No. 13, Ex. 3. On April 30, 2009, MFI-DPLH's attorney, Braden J. Montierth of the law firm Roetzel & Andress, sent Ingram an agreement governing the funds. ECF No. 13, Ex. 3.

Under the agreement, MFI-DPLH would wire $250,000 into Ingram's escrow account, and Ingram would "hold [the] $250,000

in escrow barring further written direction from [Roetzel & Andress]." *Id.* On May 1, 2009, Ingram signed the agreement on behalf of "Ingram & Associates, LLC" and faxed it to Montierth. *Id.* MFI-DPLH wired the funds to Ingram's account. McIntyre Aff. ¶ 4.

On August 26, 2009, MFI-DPLH requested that Ingram return the escrowed funds. *Id.* ¶ 5; ECF No. 13, Ex. 4. On August 31, 2009, Ingram emailed Roetzel & Andress that the funds were no longer in his account and had been "distributed long ago according to Mr. Steve Jones' instructions" because "Mr. Jones [had] represented to [Ingram] that the business transaction between [MFI-DPLH] and [Jones] was successful." ECF No. 13, Ex. 7. Ingram stated that he had spoken with Jones, who said he would return the funds, which Ingram would then wire to MFI-DPLH. *Id.*

Ingram did not return the funds, and on September 8, 2009, MFI-DPLH sued Ingram, Ingram PLLC, and Ingram & Associates[1] for (1) breach of escrow agreement, (2) breach of fiduciary duty, (3) negligence, and (4) gross negligence. ECF No. 1. MFI-DPLH also sued Ingram for misuse of trust money. *Id.*

On October 6, 2009, MFI-DPLH moved for partial summary

---

[1] Ingram & Associates is a law firm comprised of Ingram, his son, and his daughter. ECF No. 18, Ex. 1. Ingram practices in the District of Columbia and Maryland federal courts "under Jesse H. Ingram, PLLC." *Id.*, Ex. 2.

2

judgment on liability. ECF No. 12. On November 16, 2009, Ingram moved to implead Jones and the Jones Holding Group. ECF No. 20. On January 20, 2010, the Court granted Ingram's motion and granted MFI-DPLH's motion in part. ECF No. 22.[2] On November 18, 2010, default judgment was entered against Jones and the Jones Holding Group. ECF No. 50.

On December 16, 2010, MFI-DPLH filed this motion for entry of final judgment. ECF No. 51. Embedded in the motion is a request for voluntary dismissal of MFI-DPLH's claims on which liability is still at issue. The Defendants have not opposed the motions.

II. Analysis

    A. Motion for Voluntary Dismissal

Under Fed. R. Civ. P. 41(a)(2), claims "may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." The Rule "freely allow[s] voluntary

---

[2] The Court granted summary judgment on the breach of escrow agreement against Ingram & Associates, and held that "[o]nly Ingram & Associates was bound by the agreement." ECF No. 22 at 8. The Court denied summary judgment on the breach of fiduciary duty and misuse of trust money claims because the claims failed as a matter of law. *Id.* 15-16. The Court granted MFI-DPLH summary judgment against Ingram and Ingram & Associates on the negligence claim, but denied the gross negligence claims against those defendants because there was "no evidence that Ingram intentionally or recklessly disbursed the escrow funds." *Id.* 20. The Court denied summary judgment on the negligence and gross negligence claims against Ingram PLLC because "there is no evidence that Ingram PLLC was involved in the transaction giving rise to th[e] suit." *Id.* at 16 n. 3.

3

dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). The decision to grant the dismissal is a matter of the district court's discretion. *Id.*

Generally, "a plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant." *Ellet Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). In addressing the motion, the court may consider: (1) the opposing party's efforts and expense in preparing for trial, (2) the movant's excessive delay or lack of diligence, (3) the explanation for the dismissal, and (4) the stage of the litigation. *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D. Md. 2004).

Here, MFI-DPLH seeks voluntary dismissal of its remaining claims so that all issues of liability will be resolved. Pl.'s Mot. 1. MFI-DPLH's complaint pled several alternative theories of liability, against related-party defendants, seeking recovery of the same $250,000. Because the January 21, 2010 memorandum opinion granted MFI-DPLH summary judgment on its breach of escrow agreement and negligence claims, resolution of the remaining theories of recovery is unnecessary. Further, the entry of default judgment resolved the Defendants' third-party claims against Steven Jones and Jones Group Holdings, LLC. At this stage in the litigation, voluntary dismissal of the

4

remaining claims avoids further expense and efforts by the parties and will not prejudice the Defendants. The unresolved claims will be dismissed.[3]

B. Entry of Judgment

MFI-DPLH requests that final judgment be entered against Ingram and Ingram & Associates in the amount of "$225,000, jointly and severally." Pl.'s Mot. 3. It is undisputed that MFI-DPLH wired $250,000 into Ingram's escrow account,[4] and that with the exception of $25,000 paid on October 18, 2010, neither Ingram nor Ingram & Associates has repaid those funds. ECF No. 54. Thus, MFI-DPLH is entitled to recover the remaining $225,000 lost because of the Defendants' conduct. *See First Bankers Corp. v. Water Witch Fire Co.*, 2010 WL 481208, at *2-4 (D. Md. Feb. 4, 2010).

MFI-DPLH also requests pre-judgment interest at the "lawful rate." ECF No. 54. MFI-DPLH requests that the interest be calculated from August 31, 2009, the date on which Ingram failed

---

[3] MFI-DPLH seeks dismissal of the gross negligence claims, and the negligence claim against Ingram, PLLC. Although MFI-DPLH does not state that it seeks dismissal of the remaining breach of escrow agreement, breach of fiduciary duty, and misuse of trust money claims, those claims will also be dismissed because, as the Court explained in the January 21, 2010 memorandum opinion, they fail as a matter of law. *See Grier v. United States*, 57 F.3d 1066, 1066 (4th Cir. 1995)(*sua sponte* dismissal is appropriate when "it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations in [the] complaint").

[4] *See* Compl. ¶¶ 8, 11; Answer ¶ 11.

5

to return the funds, and that the principal amount be reduced from $250,000 to $225,000 on October 18, 2010, based on the $25,000 payment made on that date. *Id.*

Courts have "substantial discretion" in deciding whether to award pre-judgment interest. *Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 848 (D. Md. 2005). "The purpose of pre-judgment interest is to compensate the aggrieved party for the deprivation of money it was owed, primarily the income that the money could have earned." *Id.* Pre-judgment interest is appropriate when, as here, the defendants failed to pay the plaintiff a sum certain that they were obligated to pay at a specific time. *See id.* at 848-49; *Crystal v. West & Callahan, Inc.*, 328 Md. 318, 344 (1992).

MFI-DPLH will be awarded pre-judgment interest at the Maryland legal rate, which is 6% per annum. *See* Md. Const. Art. III, § 57; *Hylind v. Xerox Corp.*, 749 F. Supp. 2d 340, (D. Md. 2010). Judgment will be entered against Ingram and Ingram & Associates in the amount of $249,036.98.[5] The judgment is

---

[5] This number represents: (1) the $225,000 owed from the escrow fund, (2) $16,972.60 in pre-judgment interest on a principal balance of $250,000 from August 31, 2009 to October 18, 2010, and (3) $7,064.38 in pre-judgment interest on a principal balance of $225,000 beginning on October 19, 2010.

6

subject to post-judgment interest at the federal rate provided by 28 U.S.C. § 1961.[6]

III. Conclusion

For the reasons stated above, MFI-DPLH's motion for voluntary dismissal and for entry of final judgment will be granted.

_____4/29/11_____       _____/s/_____
Date                                                         William D. Quarles, Jr.
                                                                       United States District Judge

---

[6] MFI-DPLH requests post-judgment interest at the Maryland rate. ECF No. 54. However, the federal statutory rate applies. *See Hitachi Credit Am. Corp. v. Signet Bank,* 166 F.3d 614, 633 (4th Cir. 1999)("federal law . . . governs the calculation of post-judgment interest in diversity cases."); 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average of 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.").

7